UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SELENE REED,

    Plaintiff,

v.                                                                                  Case No. 1:14-cv-1129
                                                                       Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born in 1965. PageID.1555. She completed a GED and had previous employment as a cashier, lens fabricator, telemarketer, and telephone customer service person. PageID.1560. Plaintiff alleged that she was disabled as of June 1, 2007. PageID.1555. Plaintiff identified her disabling conditions as panic attacks, depression, arthritis, diabetes, chronic obstructive pulmonary disease (COPD), congestive heart failure, mass on kidney (possible cancer), and high blood pressure. PageID.1559. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on January 10, 2013. PageID.1388-1398. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 1, 2007 and that she met the insured status requirements of the Act through March 31, 2013. PageID.1390. At the second step, the ALJ found that plaintiff had severe impairments of diabetes mellitus, degenerative disc disease of the lumbar spine, bilateral shoulder calcific tendinosis, COPD, affective disorder-depression, and anxiety. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.1391.

The ALJ decided at the fourth step that:

[T]he residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; sit, stand, and walk for six hours each; push and pull as much as can lift and carry; occasionally reach overhead bilaterally; frequently reach all other, handle, finger, feel, and climb ramps and stairs; never climb ladders and scaffolds or crawl; occasionally balance, stoop, kneel, and crouch; avoid unprotected heights and dangerous moving mechanical parts; no concentrated exposure to extreme cold and extreme heat; and no concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. The claimant is limited to simple tasks; limited to routine and repetitive tasks; limited to simple work-related decisions; and the claimant would miss more than one or two days of work, but not more than twelve days per year and on task eighty-five percent.

PageID.1392.  The ALJ also found that plaintiff was unable to perform any past relevant work.  PageID.1396.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy.  PageID.1397-1398.  Specifically, plaintiff could perform the following unskilled jobs in the Lower Peninsula of Michigan: receptionist (1,600 jobs); office clerk-general (5,400 jobs); and counter or retail clerk (1,500 jobs).  PageID.1397.  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from June 1, 2007 (the alleged onset date) through January 10, 2013 (the date of the decision).  PageID.1398.

### III.  ANALYSIS

Plaintiff did not set forth a statement of errors in the form directed by the Court.  *See* Notice (docket no. 8).  Upon reviewing plaintiff's brief, the Court will address two claims identified by plaintiff.

> **A.   Did the ALJ fail to comply with 20 C.F.R. §§ 404.1527 and 416.927 in not according adequate weight to the opinion of Ms. Reed's treating physicians and did the ALJ fail to consider the various factors set forth in 20 C.F.R. §§ 404.1527 and 416.927(d) in evaluating the opinion of the treating physicians?**

Plaintiff contends that the ALJ did not properly evaluate the opinions of two treating physicians, Seth Egleston, M.D. and Sajid Hussain, M.D.  A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).  "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v.*

*Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

   1.   **Dr. Egelston**[1]

The ALJ addressed Dr. Egelston's opinion as follows:

---

[1] Plaintiff sometimes refers to Dr. Egelston as "Dr. Egleston."

6

> The October 2012 medical needs report of Seth Egelston, M.D., indicated that the claimant had diabetes, hypertension, and anxiety. The report indicated that the claimant could not work. She had physical limitations, and she could only lift or carry up to ten pounds. The claimant would need assistant with shopping, doing laundry, and doing housework (Exhibit 38F). I give minimal weight to the assessment of Dr. Egelston, as it is inconsistent with the medical evidence, including treatment records and objective clinic findings. For instance, just few months prior to the evaluation report, in June 2012, office visit report indicated that the claimant was doing well with pain medications, which were controlling her symptoms. The claimant was still smoking, and she was advised to stop smoking (Exhibit 33F). There are no debilitating intervening events that would justify the limitations as assessed by Dr. Egelston. Furthermore, during the hearing, the claimant testified that she could perform activities of daily living.

PageID.1394.

While the ALJ gave good reasons for the weight assigned to Dr. Egelston's opinion, he made few references to Dr. Egelston's medical records. As it turns out, the doctor's records were not part of the administrative transcript. Plaintiff noted that 40 pages of Dr. Egelston's records "were not exhibited at the hearing level" and attached those documents to her brief. *See* PageID.1048, 1070-1113. When a plaintiff submits evidence that has not been presented to the ALJ, the Court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir.1988). Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not

available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

In this instance, it is undisputed that Dr. Egelston's records were omitted from the administrative transcript. Indeed, defendant admits that " the entirety of Dr. Egelston's treatment notes was inadvertently omitted from the administrative record" and subsequently filed them as a supplemental administrative transcript (docket no. 17-3, PageID.2141-2180). PageID.2187. There is no question that these documents should have been part of the original administrative transcript reviewed by the ALJ. Under the circumstances, a sentence-six remand is appropriate to allow the Commissioner an opportunity to review Dr. Egelston's medical records which form the basis of the doctor's opinion. Accordingly, this matter will be remanded for that limited purpose.

### 2. Dr. Hussain

Plaintiff also raised a cursory argument that the ALJ did not evaluate the opinions of her treating psychiatrist, Dr. Hussain. PageID.1056, 2106, 2114. These opinions, set forth in Exhibit 40F, were referenced at the administrative hearing held on December 14, 2012. PageID.1407, 1410. However, the documents in Exhibit 40F did not exist at the time of the administrative hearing, having been signed on January 7 and 22, 2013. PageID.2106, 2114. Furthermore, the Appeals Council admitted Exhibit 40F as new evidence in its order entered September 5, 2014. PageID.1136. When a plaintiff submits evidence that has not been presented to the ALJ, the Court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand. *See Sizemore*, 865 F.2d at 711. As discussed, plaintiff bears the

burden of demonstrating the materiality and good cause necessary to obtain a sentence-six remand. *See Hollon*, 447 F.3d at 483.  Here, plaintiff does not explain the apparent discrepancy in the record with respect to Exhibit 40F, nor does she address materiality or good cause in the context of a sentence-six remand.[2]  The Court is not required to scour the record for potential arguments on her behalf.  *Browder v. Ankrom*, 473 Fed. Appx. 499, 500 (6th Cir. 2012).   Accordingly, this claim of error is denied.

> **B. Did the substantial evidence of record document that Ms. Reed is disabled and unable to perform the basic mental demands of unskilled work as described in SSR 85-15, warranting an award of benefits?**

Plaintiff contends that the ALJ's residual functional capacity (RFC) assessment and the hypothetical question posed to the vocational expert (VE) which incorporated the RFC failed to provide the full limitations occasioned by plaintiff's severe mental impairments of depression and anxiety. Plaintiff has not provided any meaningful argument on this issue.  In addition, while plaintiff's claims that she is entitled to an award of benefits under Social Security Ruling (SSR) 85-15, she does not address that SSR in her brief.  The gist of plaintiff's claim is that the ALJ incorrectly accounted for her severe impairments of depression and anxiety by limiting her to work which involved simple tasks, routine and repetitive tasks, and simple work-related decisions. PageID.1059, 1392.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable

---

[2] Unlike the situation involving Dr. Egelston's records, defendant has not advised the Court that Dr. Hussain's records were inadvertently omitted from the administrative transcript.

impairments. 20 C.F.R. §§ 404.1545 and 416.945. It is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(C). Here, the ALJ determined that plaintiff suffered from panic attacks and depression, that she would be at mild to moderate risk for psychiatric decompensation under stressful work conditions, that she could sustain her attention to complete simple tasks, that she could carry out simple instructions. PageID.1394. After reviewing these conditions, the ALJ found that the RFC "would adequately accommodate any limitations as to the claimant's ability to handle work related stress conditions since she is limited to simple, routine, and repetitive work and simple work related decisions." PageID.1394. The ALJ's limitations were appropriate. *See, e.g., Smith v. Halter*, 307 F.3d 377, 378-79 (6th Cir. 2001) (where a claimant suffered from depression with problems involving concentration, persistence or pace resulting in the failure to complete tasks in a timely manner, those limitations were appropriately addressed by restricting the claimant to jobs that were "routine and low stress, and do not involve intense interpersonal confrontations, high quotas, unprotected heights, or operation of dangerous machinery"); *Allison v. Apfel*, No. 99-4090, 2000 WL 1276950 at *4 (6th Cir. Aug. 30, 2000) (where the ALJ found that the claimant suffered from nonexertional impairments of a borderline personality disorder, borderline intellectual functioning and substance addiction, the ALJ's RFC accounted for these impairments by limiting the claimant to simple, repetitive and routine work at the light exertional level, which was analogous to unskilled light work). Accordingly, plaintiff's claim of error is denied.

### IV. CONCLUSION

The ALJ's decision shall be remanded pursuant to sentence six of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to review Dr. Egelston's October 2012 report in light of those records and, if appropriate, adjust plaintiff's RFC.  An order consistent with this opinion will be issued forthwith.


Dated: <u>March 21, 2016</u>          <u>/s/ Ray Kent                    </u>
                                      Ray Kent
                                      United States Magistrate Judge